Lucille N. BORDERS, Appellant,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Appellee.

No. 84–2163.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1985.

Decided Dec. 2, 1985.

Thomas Roger Gladden, Jr., Shelby, N.C., for appellant.

Clifford C. Marshall (Charles R. Brewer, U.S. Atty., Kenneth D. Bell, Asst. U.S. Atty., Asheville, N.C., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Lucille Borders sought benefits under the Social Security Act, claiming disability. Her claims were denied, and the district court affirmed that decision. In light of new evidence which reasonably might have resulted in a different decision by the Secretary, we remand for reconsideration.

I.

Before the onset of her medical problems in 1982, Borders had worked as a weaver and a tying machine operator in textile mills. Twice she received a certificate of merit for a year's perfect work attendance.

In late June 1982, she consulted an orthopedic surgeon complaining of pain in her left ankle. There was a diagnosis of arthritis. A few weeks later, in August 1982, she consulted a neurosurgeon complaining of continuous pain in her left hip. He

found a herniated disc between the fifth lumbar and the first sacral vertebrae. A lumbar laminectomy was performed. The pain persisted or recurred, however, and in late September 1982 a gross defect between the fourth and fifth lumbar vertebrae was discovered. A second laminectomy was performed.

Claiming disability because of her lower back and later right ankle problems, Borders applied for a period of disability, 42 U.S.C. § 416(i), disability benefits, 42 U.S.C. § 423, and supplemental security income, 42 U.S.C. § 1381a.

After a hearing, an administrative law judge found that Borders had suffered from "severe impairments" which had been disabling for at least six months. He discounted her subjective claim of continuing pain during the post-operative period, however, and concluded that she was capable of performing sedentary work before the expiration of twelve months following the commencement of the period of disability on July 3, 1982. He concluded that her pain was not so intense or disabling as to prevent her from performing sedentary work before July 2, 1983.

The Appeals Council declined review. The decision of the ALJ became the final decision of the Secretary, and the district court affirmed.

After the decision of the Secretary, however, Borders underwent a third lumbar laminectomy in early March 1984.

## II.

Whatever might be said of the Secretary's decision on the record before her, the fact of the third laminectomy is highly relevant to an appraisal of Borders' physical capacity in 1982 and 1983. The necessity of that operation would tend to show that the first two laminectomies had not corrected the problem sufficiently to permit her to perform sedentary work, that the condition of her back was continuing to deteriorate and that there was objective clinical support for her claims of pain sufficiently intense to prevent her from standing for more than fifteen or twenty minutes and to limit her ability to concentrate by preventing restful sleep.

A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir.1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. *King*, 599 F.2d at 599.

Clearly, the third and fourth requirements are met. We understand the nature of the evidence to be submitted on remand. There was good cause for her not submitting it sooner, for the third laminectomy had not been performed. *See Huffer v. Heckler*, 591 F.Supp. 626, 628 (S.D.Ohio 1984), *Czubala v. Heckler*, 574 F.Supp. 890, 901–02 (N.D.Ind.1983).

We also find that the evidence of the third surgical procedure is relevant and material. Borders had made out a prima facie case of disability to perform her past work as a textile mill operator, and the Secretary had the burden of showing that she could perform sedentary work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The basic question was whether the back condition was totally disabling for a period of twelve months or more, and the third operation was clearly relevant to a resolution of that question. *See Mitchell*, 699 F.2d at 189; *Huffer*, 591 F.Supp. at 628. It also might be found to lend significant objective support to the subjective

claim of disabling pain. Had the Secretary been presented with such evidence, her decision "might reasonably have been different."

The quotation is from *King,* and expresses the standard of materiality under § 405(g) applied in this circuit.

The Court of Appeals for the Fifth Circuit in *Chaney v. Schweiker,* 659 F.2d 676 (1981), phrased the standard in terms of a "reasonable possibility" that the Secretary might have reached a different decision. *See also Dorsey v. Heckler,* 702 F.2d 597 (5th Cir.1983).

In *Chaney,* 659 F.2d at 679 n. 4, and in *Dorsey,* 702 F.2d at 605 n. 9, there are references to *King*'s "stricter" standard. The "stricter" standard, however, was derived from a misquotation of this court's words. In both cases it was said that this court in *King* had said that the evidence is material if "reasonably likely to have resulted in a different decision."

That criticism of *King* based upon the mistaken quotation has been repeated in *Booz v. Secretary of Health and Human Services,* 734 F.2d 1378, 1380–81 (9th Cir. 1984); *Huffer v. Heckler,* 591 F.Supp. 626, 627–28 (S.D.Ohio 1984); and *Czubala v. Heckler,* 574 F.Supp. 890, 899 (N.D.Ind. 1983).

When one looks at the words actually used in *King,* we perceive no difference between the standard as expressed there and the standard as expressed by other courts. The standard as applied in this court appears "stricter" only if one adds to and qualifies the words actually used by this court.

### III.

Because of our conclusion that the case should be remanded for the submission and receipt of further evidence, we do not consider the other contentions made in this court.

REMANDED.