823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Noette C. McCAULEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 86-1104.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided June 30, 1987.
 
 Constantine S. Christophillis, for appellant.
 Nadine Lynne Gjurich, Office of the General Counsel, Social Security Division, Department of Health & Human Services (Vinton D. Lide, United States Attorney; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; A. George Lowe, Chief, Disability Litigation Branch, on brief) for appellee.
 Before HALL, and SPROUSE, Circuit Judges, and JOSEPH F. ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Noette C. McCauley appeals from a decision of the district court adopting the report of the United States Magistrate and affirming the Secretary's denial of social security disability benefits. The denial was based upon an administrative law judge's ("ALJ") determination that McCauley retains the capacity to return to her past relevant work. Although we are troubled by the disposition of McCauley's claim of intractable and disabling pain, we conclude that she has waived any right to appellate review by failing to object to the magistrate's report and that the judgment below must be affirmed.
 
 
 2
 McCauley applied for disability benefits on September 21, 1983, alleging disability from August 14, 1983, stemming from a damaged nerve in her right hip joint. She alleged that the nerve was injured in 1981 when she underwent a hysterectomy.
 
 
 3
 After her claim was denied initially and upon reconsideration, McCauley requested an administrative hearing which was held on November 15, 1984. At that time, McCauley was 59 years old. She has a tenth grade education and past relevant work experience as a waitress and a cashier for a restaurant.
 
 
 4
 The medical evidence offered at the hearing consisted primarily of the reports of Doctors Vernon Mustian and Hugh Clarke. Dr. Mustian treated McCauley for pain during 1983-84. Dr. Clarke examined her on September 26, 1984 in connection with her application for disability benefits. Although neither physician was able to pinpoint the exact source of McCauley's pain, neither suggested that her assertions were not genuine. Dr. Clarke specifically opined that McCauley suffered from a "possible neuroma of the idioinguinal nerve" in her right groin.
 
 
 5
 McCauley also offered her own testimony to the ALJ alleging that the pain in her groin and side was continuous. She maintained that the pain had forced her to leave her previous employment because she could not sit, stand, bend or stoop without severe pain. McCauley's husband testified in corroboration, contending that his wife was substantially unable to do any work around their home.
 
 
 6
 After considering the evidence, the ALJ rejected McCauley's claim for disability benefits. He concluded that although McCauley had possible nerve damage, her complaints of pain were not credible as to the degree of severity, duration and limitation. In the ALJ's view, McCauley retained the capacity to function as a cashier. The ALJ's conclusion was affirmed by the Appeals Council and the Secretary's decision became final on March 7, 1985.
 
 
 7
 McCauley, thereafter, commenced a civil action in the district court alleging inter alia that the Secretary's denial was not supported by substantial evidence and that she was entitled to at least a remand for reconsideration on the basis of new medical evidence.[1] The magistrate to whom the matter was referred issued a report in which he concluded that the Secretary's denial of benefits was supported by substantial evidence. The magistrate also denied a motion for a remand to the Secretary concluding that McCauley's new medical evidence did not meet the materiality standards established in Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985).
 
 
 8
 Although McCauley was required by statute, 28 U.S.C. S 636(b), to file objections to the magistrate's proposed findings and recommendations within ten days if she wished to obtain a de novo review by the district court, no objections were filed. On April 25, 1986, the district court issued an order noting that:
 
 
 9
 No objections to the Magistrate's report have been made, and after reviewing the record, the applicable law, the briefs of counsel and the findings and recommendation of the United States Magistrate, which are made a part of this order by specific reference, the court is of the opinion that there is substantial evidence to support the Secretary's final decision.
 
 
 10
 Accordingly, the district court adopted all aspects of the magistrate's report including the denial of McCauley's motion for remand. This appeal followed.
 
 
 11
 On appeal, McCauley again contends that the Secretary's denial of benefits is not supported by substantial evidence. She also argues that the magistrate erred in finding that there was no "objective basis" for her subjective claims of pain. Finally, she contends that in denying her motion for remand, the magistrate misinterpreted the Borders materiality standard as it applies to new evidence. Although our examination of the record suggests that there were flaws in both the administrative and judicial proceedings[2] with regard to McCauley's claim, we are precluded from addressing appellant's contentions on the merits.
 
 
 12
 This Court has repeatedly and consistently held that the failure to file timely objections to a magistrate's report waives appellate review of the substance of that report. Wright v. Collins, 766 F.2d 841 (4th Cir.1985), United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). As the district court below clearly noted, McCauley failed to file any objections. We are, therefore, constrained by binding precedent to hold that appellant has waived any right to appellate review.[3]
 
 
 13
 Accordingly, the judgment of the district court is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The new medical evidence consisted of a report of an additional examining physician, Dr. Green B. Neal. Dr. Neal's report dated December 7, 1985, noted specific manifestations of pain in McCauley's lower right quadrant
 
 
 [2]
 In summarizing the medical evidence, the ALJ concluded that no doctor had opined that McCauley could not sit as required in a cashier's job. Dr. Mustian had expressly stated, however, that McCauley could not sit for more than two hours in an eight hour day
 The magistrate's conclusion that there was no objective basis for McCauley's allegations of pain was arguably inconsistent with the medical reports. Furthermore, it is readily apparent that in denying McCauley's motion for a remand, the magistrate applied a materiality standard that focused upon whether there was a reasonable likelihood that the new evidence would change the ALJ's decision. Under Borders, however, materiality is measured on "reasonable possibility" standard rather than "reasonable likelihood."
 
 
 [3]
 Our disposition of the present appeal in no way prevents McCauley from filing a new application for disability benefits based upon a later on-set date. If she elects that course, all relevant medical evidence including Dr. Neal's report will be available to support her claim