825 F.2d 409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenda M. WHITE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-3526
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided July 16, 1987.
 
 Montie VanNostrand, for appellant.
 Colette Pete, Assistant United States Attorney (William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, Beverly Dennis, III, Chief Counsel, Region III, Office of the General Counsel, Department of Health & Human Services, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Marc R. Schwartz, Assistant Regional Counsel, on brief), for appellee.
 Before WINTER, Chief Judge, WILKINS, Circuit Judge, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Glenda White (Claimant) appeals the final decision of the Secretary of Health and Human Services denying her application for supplemental security income and disability benefits. We vacate the decision and remand the case to the Secretary for two reasons.
 
 
 2
 First, Claimant has vigorously maintained that her cardiac impairments are medically equivalent to an Appendix 1 Listing, thereby automatically entitling her to a finding of disability. 20 C.F.R. Secs. 404.1525, 404.1526 (1986). The Administrative Law Judge (ALJ), without a detailed discussion of an obviously complex issue, held Claimant's impairments were not medically equivalent to an Appendix 1 Listing. The brief attention given this question contravenes the recent pronouncement of this Court in Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986):
 
 
 3
 The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of Cook's symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.
 
 
 4
 Consequently, the decision must be remanded for further consideration and explanation so that effective appellate review will be possible.
 
 
 5
 We also find that remand is necessary in order for the Secretary to consider a letter from Dr. Magiera, Claimant's treating physician in Ohio. Dr. Magiera treated Claimant prior to her leaving work in Ohio and moving to West Virginia, and has apparently resumed this professional relationship following her return to Ohio. His letter states that Claimant is 'totally disabled and unable to do even sedentary work.' The content of the letter, and the logistical problems created by Claimant's moves, satisfy the standard for a remand set forth in Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985).
 
 
 6
 VACATED AND REMANDED.