841 F.2d 1122
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lonza HOLSTEIN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2005.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 12, 1988.
Decided: Feb. 22, 1988.
 
 Roger D. Forman, on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; James A. Winn, Assistant Regional Counsel; Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services; Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief, for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Lonza Holstein, applied for disability insurance benefits on January 12, 1981, claiming that he was disabled from working as of December 19, 1979. Plaintiff claims that he is disabled as a result of pneumoconiosis, chronic obstructive pulmonary disease, hearing loss, degenerative arthritis of the knee and ankle joints, and coronary artery disease. Holstein was fifty-six years old at the alleged onset of his disability. He had a sixth grade education and had worked in the coal mining industry as a loading machine operator, cutting machine operator, roof bolter, shuttle car operator, and dispatcher.
 
 
 2
 Plaintiff's claim was initially denied by an Administrative Law Judge on July 6, 1982. On review by a magistrate of the United States District Court, the case was remanded to the Secretary for the testimony of a vocational expert to assess the effect of Holstein's non-exertional limitations. A hearing, at which plaintiff and a vocational expert testified, was held before an ALJ on April 9, 1986. On May 14, 1986, the ALJ found that the plaintiff could perform moderate work and was, therefore, not disabled. The ALJ's recommendation was adopted by the Appeals Council, and the Secretary's decision was in turn affirmed by the district court. Plaintiff appeals.
 
 
 3
 Because we find that the Secretary's decision is supported by substantial evidence and plaintiff is neither suffering from an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 Sec. 3.02 nor does he qualify for benefits under the work limitations of 20 C.F.R. Sec. 404.1562, we affirm the judgment of the district court.
 
 I.
 
 4
 The district court properly refused to remand this case to the Secretary on the basis of newly discovered evidence. The prerequisites for such a remand set forth in Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985), were not satisfied. This evidence consisted of clinical notes and a report of Holstein's physician, Dr. Lee, and pulmonary studies analyzed by Dr. Rasmussen. The district court held that the newly discovered evidence was not cumulative because it presented, for the first time, medical data supporting Dr. Lee's opinion that the plaintiff was disabled and the opinion of Dr. Rasmussen also supporting this diagnosis. However, the blood gas and pulmonary function studies relied on by Drs. Lee and Rasmussen were performed on May 12, 1986, five months after the plaintiff last met the disability insurance special earnings requirement on December 31, 1985. The pulmonary function studies are comparable to those conducted earlier and plaintiff has failed to show good cause for not submitting this evidence during the administrative process.
 
 
 5
 Moreover, Dr. Lee's clinical notes add nothing new to his earlier reports and conclusions which were considered by the ALJ in arriving at his decision. These conclusions were unsupported by the objective data presented at the hearing and analyzed by other doctors whose contrary opinions were also before the ALJ. We therefore conclude that the district court correctly found that the newly discovered evidence advanced by plaintiff would not reasonably have resulted in a different decision by the ALJ.
 
 II.
 
 6
 There is substantial evidence supporting the Secretary's conclusion that plaintiff was not disabled. The objective medical evidence before the ALJ pertaining to the relevant disability period indicates that plaintiff's pulmonary function was mildly impaired. The results of blood gas and pulmonary function tests performed on Holstein in April of 1981 and January of 1982 do not meet the criteria for chronic obstructive pulmonary disease or chronic impairment of gas exchange set forth in 20 C.F.R., Part 404, Subpart P, Appendix 1, Sec. 302(A) & (C).
 
 
 7
 Dr. Gaziano, a board certified internist specializing in pulmonary disease, testified that Holstein suffered from a mild pulmonary impairment. Considering all the evidence, including the evidence of arthritis and hearing loss, he concluded that Holstein was capable of performing medium work in an environment not containing an unusual amount of dust. Unlike Dr. Lee's opinion that Holstein was totally disabled, Dr. Gaziano's diagnosis is supported by the objective medical data, including X-rays and pulmonary studies, and the interpretation of these studies by other physicians and the Virginia Occupational Pneumoconiosis Board. The Secretary's conclusion that Holstein was capable of performing medium work is amply supported by the evidence.
 
 
 8
 Furthermore, plaintiff does not qualify for benefits under 20 C.F.R. 404.1562. The vocational expert testified that for thirty-four years, the plaintiff had been employed in semiskilled, heavy labor, and that he would be unable to return to his former employment. She also testified, however, that Holstein's knowledge of operating heavy equipment was a transferable skill which would qualify him for such medium labor as operating an end loader, mowing machine, fork lift, or tow motor. Plaintiff was therefore properly found to be not disabled and the judgment of the district court is
 
 
 9
 AFFIRMED.