861 F.2d 264
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cheryl G. HOLMES, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-2669.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1988.
Decided Sept. 29, 1988.
 
 Matthew Harris Greenbaum (Alexander D. Coleman, White, Blackburn & Conte, P.C. on brief) for appellant.
 Jacquelyn Cusumano, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Charlotte Hardnett, Chief, Social Security Litigation Division, Pamela Darville, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Henry E. Hudson, United States Attorney, J. Phillip Krajewski, Assistant United States Attorney on brief) for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 As a result of an automobile accident on November 24, 1977, Cheryl G. Holmes, then 19 years old, suffered a "closed head injury" and her father was killed. Well after her twenty-second birthday, she applied to the Secretary for child's benefits for disability for the period that ended when she became 22, and her application was denied at all agency levels. She filed a complaint in the United States District Court to review the decision of the Secretary. From a decision affirming the Secretary, she appealed. We affirm.
 
 
 2
 After she became 22, Holmes' condition worsened and she has since applied for and receives supplemental security income and disability insurance benefits. The two issues that are presented to us on this appeal, however, relate only to the denial of child's benefits. They are (1) whether based on the record Holmes is entitled to receive disabled child's insurance benefits based on the earnings of her deceased father and (2) whether the Administrative Law Judge (ALJ) fully considered whether appellant's condition met the criteria for "Organic Mental Disorders."
 
 
 3
 On January 29, 1986, a hearing was held before an ALJ who concluded from the evidence presented that Holmes was not suffering from a disability which began before she reached the age of 22 and was, therefore, not entitled to child's benefits.
 
 
 4
 The record before the ALJ shows that Holmes, a 19-year-old university student at the time of her automobile accident which occurred on November 24, 1977, underwent surgery for her injuries and postoperatively showed a psychiatric reaction. She exhibited various bizarre behaviors but improved during her hospitalization. She was discharged on January 13, 1978, and returned to the university in the fall of 1978. In March, 1979, Holmes suffered a schizophrenic episode which required about 14 days of hospitalization. She responded well to medication, her prognosis was good and she was able to return to her classes. Holmes held part-time jobs between the date of her accident and her twenty-second birthday on April 16, 1980, earning $1,108.83 in 1979 and $5,358.84 in 1980. Her average monthly earnings were $369.61 for 1979 and $479.90 for 1980.
 
 
 5
 Holmes, who was 27 years old at the time of the hearing before the ALJ, was the sole person who presented testimony on her behalf. She claimed that her jobs were provided by family friends and that while on the job she was unable to get along with her employers or co-workers because of problems with her memory and concentration.
 
 
 6
 She contended that she was unable to keep the jobs and, therefore, was not engaged in substantial activity before the age of 22, in spite of the fact that her earnings exceeded the established guidelines. The ALJ, unable to ascertain any specifics, asked for a work history and offered Holmes the opportunity of continuing her hearing so that she could present additional evidence to support her claims about her work history and the problems that she experienced in her jobs, but no such evidence was ever presented to the ALJ. The ALJ concluded that Holmes did not suffer a disability which began before she was 22 and, therefore, was not entitled to child's benefits.
 
 
 7
 Based on her earnings, Holmes was capable of substantial gainful activity. Under 20 C.F.R. Sec. 404.1574(b)(2), earnings of over $280 per month for 1979 and $300 per month for 1980 indicate that a claimant has engaged in substantial gainful activity. Holmes' earnings of $369.61 and $479.90 were in excess of the established guidelines. These guidelines create a presumption of substantial gainful activity which can be rebutted by evidence of the nature of the applicant's work, the adequacy of the applicant's performance and the time the applicant spent in work. Anderson v. Heckler, 726 F.2d 455 (8th Cir.1984), citing 20 C.F.R. Sec. 404.1573. Since there was no evidence other than Holmes' generalized claims to rebut the presumption established by Holmes' earnings, we conclude that the Secretary had substantial evidence on which to base a determination that Holmes had been engaged in substantial gainful activity.
 
 
 8
 Holmes also contends that the ALJ failed to consider the criteria in the regulations for Organic Mental Disorders, 20 C.F.R. Sec. 404, Subpart P, App. 1. However, the decision of the ALJ indicates that he did consider Listing 12.02 and found "no evidence of a sign or symptom cluster or syndrome which appropriately fits with this diagnostic disorder." Although Holmes has offered articles from medical journals on the subject of closed head injuries, she has not offered any newly discovered evidence which would meet the criteria established in Borders v. Heckler, 777 F.2d 954 (4th Cir.1985), and allow us to remand.
 
 
 9
 Accordingly, the decision of the district court affirming the Secretary will be
 
 
 10
 AFFIRMED.