866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy C. McLEOD, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 88-3090.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 5, 1988.
Decided: Jan. 27, 1989.
 
 1
 Ruth Ann King, for appellant.
 
 
 2
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Department of Health and Human Services; Henry E. Hudson, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, on brief), for appellee.
 
 
 3
 Before ERVIN, Circuit Judge, BUTZNER, Senior Circuit Judge, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 
 MALCOLM J. HOWARD, District Judge:
 
 4
 The plaintiff, Nancy C. McLeod, brought this action in the district court, seeking a review of the Secretary of Health and Human Services' (Secretary) denial of supplemental security income benefits (SSIB). The district court affirmed the Secretary's decision. We vacate and remand for further consideration.
 
 
 5
 * McLeod, fifty-three years of age, applied for SSIB February 3, 1986. She has an eighth grade education. The only work she has ever performed is waitressing, which she stopped doing in 1975 because of problems with her feet. In 1975 she underwent an operation on both feet to correct malformed bones. She returned to work six weeks later. She claims she was unable to stand so she stopped work altogether.
 
 
 6
 McLeod based her claim on poor eyesight, a foot problem and a back problem. Her application for SSIB was denied, as was McLeod's subsequent request for reconsideration.
 
 
 7
 McLeod then requested an administrative hearing. The administrative law judge (ALJ) denied McLeod's application, finding that she had not proven her inability to do her past work, and consequently was not eligible for SSIB based on total disability.
 
 
 8
 McLeod submitted additional medical records for consideration by the Appeals Council, which denied review, commenting that the new reports, which postdated the ALJ's decision and which apparently indicated a worsening of McLeod's condition, could be used to support a new application for benefits. The Appeals Council's denial rendered the ALJ's decision the final decision of the Secretary. On further judicial review, the district court, which referred the matter to a United States Magistrate for report and recommendation, affirmed the Secretary's denial of benefits. In so doing, it declined to adopt the Magistrate's recommendation that the Secretary's decision be reversed and the case remanded for development of the record. This appeal followed.
 
 II
 
 9
 McLeod's medical condition is adequately summarized in the extensive record. Her major complaint is that pain in her back and feet and numbness in her legs and arms prevents her from working, because she cannot walk more than a block, sit for more than a half hour or stand for extended periods of time without the pain becoming intense.
 
 
 10
 The ALJ found that plaintiff's testimony about functional restrictions was not credible. The ALJ also rejected the findings of her treating physician, Dr. Werner, that McLeod was disabled, finding more persuasive the opinion of a Social Security consultative examiner, Dr. John Beaman, who found minimal residual problems. The ALJ concluded that plaintiff retained the exertional and non-exertional capacity to perform her former work as a waitress and was not, therefore, disabled.
 
 
 11
 In reviewing a decision by the Secretary, "[w]e do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 12
 As set forth below, it is our conclusion that the Secretary's finding of non-disability is not based on substantial evidence, and must, therefore, be reversed. We remand this case for further review by the ALJ, so that deficiencies in the record noted below may be corrected.
 
 
 13
 There was no evidence before the ALJ of the exertional requirements of McLeod's prior work as a waitress other than her own unquestioned testimony that it required her to carry plates weighing 10-12 pounds and to stand for nine hours a day. Clearly, the ALJ failed to develop in the record the duties and responsibilities of waitressing, and, as such, his classification of "waitressing" as light work was without substantial evidence. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir.1987). Further, the ALJ also failed to make specific findings as to claimant's present physical and mental limitations, including those imposed by pain and medication, if appropriate. Brown v. Bowen, 794 F.2d 703, 707-709 (D.C.Cir.1986).
 
 
 14
 Dr. Werner, claimant's treating physician, concluded that plaintiff cannot do any work involving lifting or any work requiring sitting, standing, walking or bending. The ALJ discounted that conclusion, relying instead on the one-time examination by Dr. Beaman. The rule in this circuit is that the opinion of a treating physician is "entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). Because plaintiff had recently moved to northern Virginia from Mississippi, Dr. Werner had only been her physician since July, 1986, when plaintiff was hospitalized for severe headaches. However, he has remained her physician as of at least spring of 1987, and lists a specialty in orthopaedic surgery as well as general practice, which would indicate that he is fully qualified to render opinions about plaintiff's back and limb problems. Thus, his opinion is due deference, although perhaps not as much as a long term treating physician. Further, it should be noted, that nowhere does Dr. Beaman's report state that McLeod could stand, lift, walk and carry for several hours a day.
 
 
 15
 Also, the ALJ failed to consider the effects of pain on McLeod's ability to work. Pain, alone, can be a basis for finding a claimant disabled. In evaluating claims based on allegations of disabling pain, the law in this circuit requires "medical evidence of a condition that could reasonably produce pain, not objective evidence of the pain itself or its degree." Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986). The ALJ failed to examine extensive evidence in McLeod's file which could show she suffers from a condition "that could reasonably produce" pain about which McLeod complains, as well as the numbness in her left leg.
 
 III
 
 16
 The question whether evidence submitted after the ALJ's decision is to be considered in determining if the decision of the ALJ is adequately supported, has been answered by the 1980 Amendment to Sec. 223(b) of the Act, 42 U.S.C. Sec. 423(b). That Amendment provided that the question of disability is to be "based upon the evidence adduced at the hearing" before a decision is made. The purpose of the Amendment was to:
 
 
 17
 foreclose[ing] the introduction of new evidence with regard to a previously filed application after the decision is made at the Administrative Law Judge (ALJ) hearing, but would not affect remand authority to remedy an insufficiently documented case or other defect.
 
 
 18
 S.Rep. No. 408, 96th Cong.2d Sess. 57 (1980), reprinted in 1980 U.S.Code Cong. & Admin.News 1277, 1335.
 
 
 19
 Concerning whether the Secretary should consider the electromyography reports (EMG) submitted to the Appeals Council after the ALJ made his findings, we first find that this case falls into the exception granted for insufficiently documented cases, and as such this evidence should be considered. Further, we refer to this court's holding in Borders v. Heckler, 777 F.2d 954 (4th Cir.1985). There we held that evidence submitted for the first time at the Court of Appeals can provide sufficient reason for remand if it gives objective support to the claimant's complaints of pain. Such would appear to be the case here.
 
 
 20
 As summarized in the Magistrate's Report and Recommendation, the EMG showed "positive valleiux and digital compression test for entrapment of the left ulnar nerve at the cubital tunnel," and decreased sensation over the fourth and fifth fingers of the left hand. It also showed a positive digital compression test for entrapment of the left femoral sensory nerve which the report concluded could account for plaintiff's left lateral thigh pain.
 
 
 21
 These medical findings support plaintiff's complaint that she suffers pain in her back and limbs. The Appeals Council's summary rejection of these findings merely because the EMG did not provide an onset date, where the history of degenerative disease is so well documented, requires that the Secretary's decision be reversed and remanded for further development of the medical evidence concerning the onset of the nerve root entrapment.
 
 IV
 
 22
 On remand, the question of when plaintiff's nerve root problem began, the effect of pain on McLeod's ability to work, the nature of her past work, and McLeod's present vocational capacity, must all be re-examined. Of course, at the hearing, the parties may offer such additional evidence as they may be advised is appropriate.
 
 
 23
 REVERSED AND REMANDED.