869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy D. PAYNE, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-3132.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 4, 1989.
Decided: Feb. 15, 1989.
 
 C. Randall Lowe (Yeary, Tate & Lowe, P.C., on brief), for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Jacquelyn Cusumano, Assistant Regional Counsel (Office of the General Counsel, Department of Health and Human Services, on brief), John P. Alderman, United States Attorney, E. Montgomery Tucker, Assistant United States Attorney, for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and KAREN LECRAFT HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Jimmy D. Payne appeals from the judgment of the district court affirming the decision of the Secretary of Health and Human Services, which denied his claim for Social Security disability insurance benefits. We affirm.
 
 
 2
 On October 10, 1986, Payne applied for both disability benefits and supplemental security income under titles II and XVI of the Social Security Act, as amended, 42 U.S.C.A. Secs. 401-433, 1381-1383c (West 1983 & Supp.1988). After conducting a hearing in July 1987, the administrative law judge ("ALJ") held that Payne was entitled to supplemental security income under title XVI, id. at Sec. 1382c(a)(3)(A), but that he was ineligible for disability benefits under title II, id. at Sec. 416(i). The ALJ found that Payne last worked in 1983 and that he last met the Act's insured status requirements for disability benefits on June 30, 1985. See id. at Sec. 423. The ALJ then concluded that Payne failed to establish disability on or before that critical date. The Secretary adopted the ALJ's opinion as his final decision, and the district court affirmed. Payne now appeals the denial of his disability benefits claim, contending that substantial evidence does not support the Secretary's decision and that the district court erred in denying his request for a remand on the basis of new evidence.
 
 
 3
 Payne contends that he has been disabled since January 1983, but he presented no medical evidence to substantiate that claim. When he filed for benefits on October 10, 1986, the only medical evidence concerning his condition consisted of electrocardiogram ("EKG") tracings from December 1983 and November 1984 with normal results. Later, in October 1986, he received an evaluation at Bristol Memorial Hospital when he complained that he had experienced shaking spells with leg weakness over the preceding five to six months. That evaluation included a Holter monitoring (a twenty-two hour EKG), an electroencephalography ("EEG"), and a magnetic resonance imaging ("MRI") of the head. The Holter test was "unrevealing," but the EEG and the MRI indicated partial seizures and a possible lesion of a left frontal gyrus of the brain.
 
 
 4
 In November 1986, Payne received a psychological evaluation from Shelle Dietrich, Psy. D., a clinical psychologist. The Wechsler Adult Intelligence Scale showed that he was functioning on the borderline level of intellectual ability with a verbal IQ of 69, a performance IQ of 80, and a full-scale IQ of 73. Dr. Dietrich found no indication that he suffered from any anxiety-related disorder.
 
 
 5
 At the hearing before the ALJ, Payne testified that he became dizzy, that his legs fell out from under him, and that he continued to have seizures despite medication. Although he was laid off from his last job in 1983, he testified that this was not the result of illness. His wife, Teresa Payne, testified that he had been experiencing seizures for two or three years, although no evidence from any contact with a physician or a medical facility corroborates her testimony.
 
 
 6
 After the Secretary's final decision, Payne was examined by Pierce D. Nelson, M.D., a neuropsychiatry specialist. Dr. Nelson concluded that Payne suffered from a major seizure disorder, an organic brain syndrome, and depression, but his October 1987 report did not indicate that Payne had any of these conditions on or before June 30, 1985, the last date that Payne met the Act's insured status requirements for disability benefits.
 
 
 7
 The only evidence in the record at all probative of the existence of Payne's disability on or before June 30, 1985, is his wife's testimony that he suffered seizures for two or three years prior to the July 1987 hearing, and she attributed his failure to recollect that time period to his faulty memory. The 1983 and 1984 EKG tracings produced normal results, however, and no medical evidence exists to prove that Payne had any of his more recently diagnosed conditions prior to 1986.
 
 
 8
 The record, viewed in its entirety, clearly provides substantial evidence to support the Secretary's decision. See 42 U.S.C. Sec. 405(g); see also Richardson v. Perales, 402 U.S. 389 (1971). We find no error, therefore, in the district court's affirmance of the Secretary's decision. Likewise, we find no error in the district court's refusal to remand the case for further hearings based on new evidence. The new evidence consists of Dr. Nelson's report, and this report simply contains no sufficiently probative indication that Payne's condition existed on or before June 30, 1985. The new evidence, therefore, is not "material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before [him]." Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985) (citations omitted).
 
 
 9
 In view of the above, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.