883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leafie KEGLEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary Department of Health and Human
Services, Defendant-Appellee.
 No. 88-3187.
 United States Court of Appeals, Fourth Circuit.
 Aug. 4, 1989.
 
 Mara D. Pais (Nina S. Curry, Tanner, Livezey, Karas & Bradford on brief) for appellant.
 Lawrence John Harder, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Department of Health & Human Services, Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney on brief) for appellees.
 Before HARRISON L. WINTER, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leafie Kegley appeals the judgment of the district court affirming the Secretary's denial of her application for social security disability benefits. She claims, inter alia, that the determination of the Secretary of Health and Human Services that she had a "residual functional capacity" for the full range of light and sedentary work was not supported by substantial evidence. On the basis of thorough consideration of the record, the parties briefs and their oral arguments, we agree with the district court that substantial evidence supports the Secretary's order denying benefits. Accordingly, we affirm on the reasoning of the district court. Kegley v. Bowen, C/A No. JH-87-3110 (D.Md. August 11, 1988).*
 
 
 2
 AFFIRMED.
 
 
 
 *
 On July 11, 1988, counsel for the claimant submitted to the Clerk of this court various medical reports said to constitute "new evidence" supporting Mrs. Kegley's application for disability benefits and requests a remand to the Secretary for reconsideration of the claim in its light. We have considered the materials submitted and decline, on their basis, to remand for reconsideration by the Secretary. The materials would constitute merely cumulative evidence on the present administrative record, and they relate to claimant's condition at a time too remote from the time the disability application was filed to warrant remand. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985). Our refusal to remand is of course without prejudice to the claimant's right to apply to the Secretary for an order reopening the case for consideration of the new evidence, a matter committed to the Secretary's discretion on which we, of course, express no opinion