887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth HACKER, SSN: lwu-rd-zmkw Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of HHS, Defendant-Appellee.
 No. 88-3140.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 10, 1989.
Decided: Sept. 28, 1989.
 
 1
 James A. McLaughlin (Susan K. McLaughlin, McLaughlin and Curry, on brief), for appellant.
 
 
 2
 Moira B. Rosenberger (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health and Human Services, William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 
 
 3
 Before PHILLIPS and CHAPMAN, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 PER CURIAM
 
 4
 Appellant Hacker, a Social Security Disability claimant, was denied benefits when the Secretary adopted the findings of an Administrative Law Judge (ALJ) who, on the basis of the record as it then existed, found Hacker's complaints of disabling back pain to be exaggerated because: "[T]here have been minimal findings of any severe pathology". The ALJ found that Hacker was able to engage in light work and was not disabled within the meaning of the Social Security Act when the extent of his back impairment was considered along with his age, education and previous work experience. Hacker's appeal was referred to a United States Magistrate who on May 3, 1988, issued his "Proposed Findings of Fact and Recommendation for Disposition" to the effect that the Secretary's denial of benefits was supported by substantial evidence. The District Court adopted the Magistrate's Findings on June 10, 1988.
 
 
 5
 Hacker moves in this Court for an order remanding the case to the Secretary for reconsideration in light of newly discovered evidence. On August 20, 1987, after the Secretary's denial, Hacker underwent an anterior diskectomy and fusion between the L2-3 and L3-4 vertebral bodies. On August 21, 1987, the same procedure was performed at the L4-5 level. Since the District Judge entered his Opinion and Order, five treating physicians- including the operating surgeon- have expressed the opinion that Hacker is incapable of engaging in any gainful employment.
 
 
 6
 Because the degree of impairment learned during surgery might reasonably have changed the Secretary's finding regarding Hacker's exaggeration of pain and his physical ability, and because that information was not available for consideration then, the criteria for remand set out in Borders v. Heckler 777 F.2d 954, 955 (4th Cir.1985) have been met. The judgment of the District Court is vacated and the matter remanded to the District Court for remand to the Secretary for reconsideration in light of additional evidence.
 
 
 7
 VACATED AND REMANDED.