**Raymond M. STEGALL, Jr., Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Defendant.**

**No. C–C–88–317–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 17, 1989.

George L. Fitzgerald, Charlotte, N.C., for plaintiff.

B. Frederic Williams, Jr., Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on a Memorandum and Recommendation (hereafter "M & R"), filed September 8, 1989, by Magistrate Paul B. Taylor. Plaintiff, a social security claimant, is seeking a judicial

review of the final decision of the Secretary of Health and Human Services denying his claims for disability insurance benefits. The Court has jurisdiction over this action pursuant to section 205(g) of the Social Security Act (hereafter "the Act"). 42 U.S.C. § 405(g) (1982).

## I. PROCEDURAL BACKGROUND AND THE MAGISTRATE'S M & R

The Court referred this matter to the Magistrate pursuant to section 636 of Title 28 of the United States Code (hereafter "the Magistrate's Act"). The parties have filed cross-motions for summary judgment. In considering the cross-motions for summary judgment, the Magistrate considered the case file, conducted a hearing on May 23, 1989, to receive arguments on the cross-motions for summary judgment, and subsequently entered the M & R now before the Court.

In the M & R, the Magistrate made Findings of Fact, Conclusions of Law, and a Recommendation in accordance with section 636(b)(1)(B) of the Magistrate's Act. The Magistrate concluded that the Secretary's reliance on section 4.00G4 of the Listings of Impairments, at 20 C.F.R. Part 404, Subpart P, Appendix I (1988) (hereafter "the Listings"), which section contained a regulation placing primary emphasis on the results of an exercise treadmill test to the exclusion from consideration of the Plaintiff's angiographic evidence of heart disease, constituted error. The Magistrate concluded, further, that the Administrative Law Judge's (ALJ) finding that Plaintiff was capable of performing a "full range of light work" was not supported by substantial evidence in the record. The Magistrate concluded, finally, that because the Secretary failed to offer any evidence of other available work that Plaintiff could perform, the Secretary failed to carry the burden of showing that Plaintiff had the capacity to perform an alternate job which existed in the national economy. The Magistrate then recommended that the Court reverse the Secretary's decision not to award Plaintiff's claim for disability insurance benefits and remand the case for the award of benefits.

The Secretary timely filed Defendant's Objections to the Magistrate's Memorandum and Recommendation. Plaintiff timely filed a Response to Defendant's Objections. In Defendant's Objections, the Secretary objected, first, to the Magistrate's conclusion that section 4.00G4 was invalid and, second, to the Magistrate's Recommendation that disability benefits be awarded. The Secretary also requested the Court to find that section 4.00G4 in the Listings was not contrary to the Social Security Act.

## II. THE REVIEW OF THE MAGISTRATE'S M & R

### A. The Standard of Review

Section 636(b)(1)(C) of Title 28 of the United States Code provides that when objections are filed to a Magistrate's proposed findings or recommendations, the district court must conduct a de novo review of the specific findings or recommendations to which the objections are made. 28 U.S.C. § 636(b)(1)(C) (1982). Further, section 626(b)(1)(C) authorizes district courts to "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." Id. This Court shall conduct a de novo review of the portions of the Magistrate's M & R to which the parties objected.

### B. The Magistrate's Findings of Fact

Neither Plaintiff nor the Secretary objected to the Magistrate's Findings of Fact. After reviewing the case file, the Court concludes that the Magistrate's Findings of Fact are correct and, therefore, shall adopt them.

### C. The Magistrate's Conclusion That The Secretary Erred In Relying On The Challenged Regulations

The first issue in this case involves the Secretary's consideration of the Listings during the sequential evaluation process. See 20 C.F.R. § 404.1520 (1988) (listing steps in sequential evaluation process established by Secretary to guide administrative inquiry in disability cases); Hall v.

*Harris,* 658 F.2d 260, 264–65 (4th Cir.1981) (recognizing sequential evaluation process); *Stegall v. Sullivan,* No. C–C–88–317–P, at 6 (W.D.N.C. Sept. 8, 1989) (M & R) (succinctly summarizing sequential evaluation process). The Listings is a list of impairments that the Secretary considers severe enough to prevent a claimant from engaging in any substantial gainful activity. R. Francis, *Social Security Disability Claims,* § 12:01 (1989). Concerning evidence of ischemic heart disease, section 4.04A of the Listings addresses the situation in which a treadmill exercise test has been performed on the claimant. 20 C.F.R. Part 404, Subpart P, Appendix I, § 4.04A (1988). Section 4.04B addresses the situations in which the report of an acceptable treadmill exercise test performed on the claimant does not exist. 20 C.F.R. Part 404, *supra,* at § 4.04B.

Plaintiff essentially challenges regulations promulgated by the Secretary (hereafter "the challenged regulations"), which, summarily stated, provide that when documentation of an acceptable treadmill exercise test exists, the ALJ must use the results of the treadmill exercise test as the primary basis for determining claims involving ischemic heart disease.[1] Plaintiff claims that the challenged regulations deprive a claimant from having his claim determined on the basis of all the relevant evidence in the claimant's case record. Plaintiff claims specifically that in following the challenged regulations, the ALJ failed to consider angiographic evidence of Plaintiff's blocked coronary arteries that would have qualified Plaintiff as disabled under section 4.04B.7(b) and (c) of the Listings.

The Magistrate concluded that the regulation requiring the ALJ to use the results of an acceptable treadmill exercise test as the primary basis for adjudicating claims involving ischemic heart disease violated the Act's provision requiring the ALJ to consider all of the relevant evidence in a claimant's case record. The Court, however, disagrees with the Magistrate's conclusion. The Court believes, instead, that the challenged regulations do not deprive a claimant from having all relevant evidence considered by the ALJ in adjudicating a disability claim.

The Secretary of Health and Human Services has broad authority to enact regulations that will administer the provisions of the Act and assure uniformity and efficiency in disability determinations. *Marcus v. Bowen,* 696 F.Supp. 364, 376 (N.D.Ill.1988); *Dion v. Heckler,* 582 F.Supp. 872, 874 (D.Mass.1984). In reviewing challenged regulations, a court should consider only whether a challenged regulation exceeds the Secretary's statutory authority and whether the regulation is arbitrary and capricious. *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983).

Section 405(a) of Title 42 of the United States Code grants the Secretary broad authority to promulgate rules and regulations, not inconsistent with other provisions of the Act, necessary and appropriate to carry out the provisions of the Act. 42 U.S.C. § 405(a) (1982). The Secretary promulgated the challenged regulations concerning the Listings governing ischemic heart disease.

Defendant has provided the Court with an affidavit of Daniel Arensberg, M.D. *Stegall v. Sullivan,* No. C–C–88–317–P (W.D.N.C. Oct. 6, 1989) (Appendix II to Defendant's Objections). In the affidavit, Dr. Arensberg explains that a treadmill exercise test is one of the more accurate medical procedures for determining a heart patient's functional ability for physical exertion. Affidavit of Daniel Arensberg, M.D., *supra,* at 1–2. Dr. Arensberg further explains that a coronary angiogram is the "gold standard" for diagnosing occlusive disease in the medical community, but

---

**1.** Section 4.00G.4 provides as follows:
Where the evidence includes the results of a treadmill exercise test, this evidence is the primary basis for adjudicating claims under 4.04.... The criteria in 4.04B are not applicable if there is documentation of an accept-

able treadmill exercise test, it [sic] there is no evidence of a treadmill exercise test or if the test is not acceptable, the criteria in 4.04B should be used.
20 C.F.R. Part 404, *supra,* at § 4.00G.4.

does not correlate well with a heart patient's functional ability for physical exertion. *Id.* at 2–3.

■ Based upon a review of the statutory authority of the Secretary and the entire case file, including the administrative record, the Court concludes that the Secretary had the authority under section 405(a) to promulgate the challenged regulations. The Court concludes, further, that the Secretary had valid reasons for promulgating the challenged regulations placing primary emphasis on the treadmill exercise test for use in the Listings involving ischemic heart disease and, therefore, finds that the regulation is not arbitrary and capricious. Although the affidavit of Dr. Richard A. Stein, M.D., contained in the administrative record, brings into question the accuracy of the treadmill exercise test, the Court neither occupies the position to question the judgment of the Secretary nor has the authority to substitute its judgment for the judgment of the Secretary concerning the challenged regulations.

The Court believes, further, that the challenged regulations are not inconsistent with the statutory provision of the Act requiring the ALJ, in adjudicating a disability claim, to consider all relevant evidence in a claimant's case record. The Secretary originally promulgated the Listings as a table of medical criteria, arranged by major body systems and diagnostic groups, to assist in the efficient administration of the Act by screening for clearly disabled individuals. *See Marcus,* 696 F.Supp. at 373–76 (reviewing exhaustively historical purpose of Listings). The Listings essentially is a register of certain impairments that the Secretary considers severe enough to certify approval of disability claims without considering other factors. R. Francis, *supra,* at § 12:02. Thus, the Listings is a screening guide for the allowance of certain claims. *Id.* In 1959, the Medical Advisory Committee issued a report explaining that:

[The Listings are guides to] facilitate identification of clear-cut cases. Conditions that fall short of the severity of those described in the guides are evaluat-

ed in terms of whether in fact they prevent the applicant from engaging in any substantial gainful activity.

*Marcus,* 696 F.Supp. at 374 (quoting *Administration of Social Security Disability Insurance Program,* 1959: *Hearings Before the Subcommittee on the Administration of the Social Security Laws of the House Committee on the Ways and Means,* 86th Cong., 1st Sess. 334 (1959)). Thus, the Secretary clearly never immediately denies disability claims after determining that a claimant fails to qualify as disabled by failing to have an impairment that meets the Listings. *See id.; see also* R. Francis, *supra,* at § 12:02.

■ After a review of the purpose of the Listings, the Court concludes that the challenged regulations neither prevent nor prohibit the ALJ from considering all relevant evidence, as required in sections 423(d)(5)(B) and 1382c(a)(3)(G) of Title 42 of the United States Code. 42 U.S.C. §§ 423(d)(5)(B), 1382c(a)(3)(G) (Supp. V 1987). First, the Secretary will determine whether an impairment equals the Listings by considering whether the signs, laboratory findings, and symptoms of a claimant's impairment are medically equal in severity and functionally are equal to an impairment identified in the Listings. *See* 20 C.F.R. § 404.1526 (1988). The Court believes that although the treadmill exercise test is the primary basis for determining whether a claimant's impairment meets the Listings, the Secretary considers all other relevant medical evidence to determine whether a claimant's impairment equals the Listings. *See id.*

Second, the Court believes that if a claimant's impairment does not meet or equal the Listings, the Secretary considers all relevant evidence, medical and otherwise, in adjudicating a disability claim. *See* 20 C.F.R. § 404.1520(d), (e) (1988) (establishing procedure for determining claimant's residual functional capacity). The Secretary considers *all* relevant evidence in determining whether a claimant is capable of performing his past relevant work and whether a claimant has the residual functional capacity to do any other available work in the economy. *See id.* The Court

concludes, thus, that because the Secretary considers all relevant evidence in determining whether a claimant's impairment equals an impairment in the Listings and whether a claimant has the residual functional capacity to perform either his past relevant work or other available work, the challenged regulations are not inconsistent with the Act's provision requiring the Secretary to consider all relevant evidence in the claimant's case file.

■ The Court believes that the administrative record supports the view that the Secretary considered all the relevant evidence in adjudicating Plaintiff's disability claim. For five pages, the ALJ discussed all of the relevant evidence introduced at the administrative hearing, including, among other things, the results of Plaintiff's treadmill test, the office notes of Plaintiff's treating physician, the evaluations conducted by Plaintiff's treating cardiologist, Plaintiff's own testimony, and the testimony of the medical advisor. Transcript of Administrative Hearing at 11–15.

*D. The Magistrate's Conclusion That Substantial Evidence Does Not Exist To Support The Secretary's Finding That Plaintiff Can Perform Light Work*

■ In the M & R, the Magistrate concluded that substantial evidence does not exist to support the Secretary's finding that Plaintiff can perform light work. In Defendant's Objection, the Secretary did not object to this conclusion of the Magistrate. The Court has reviewed the entire case file and agrees with the Magistrate. Based upon a review of the case file, the Secretary's determination that Plaintiff has the residual functional capacity to perform light work is error. The Court, consequently, will reverse the Secretary's determination regarding Plaintiff's ability to perform light work.

*E. The Magistrate's Conclusion That The Secretary Failed To Carry The Burden Of Proof To Show Plaintiff Can Perform Other Available Work*

In the M & R, the Magistrate noted that when the evidence establishes that a claimant cannot return to his past relevant work, the Secretary has the burden of showing that the claimant has the capacity to perform an alternate job that exists in the national economy. *Stegall v. Sullivan,* No. C–C–88–317–P, *supra,* at 13 (M & R); *see Coffman v. Bowen,* 829 F.2d 514, 518 (4th Cir.1987). The Magistrate concluded that although the uncontradicted evidence at the administrative level established that Plaintiff could not perform work at the light level, the Secretary did not offer any evidence of other available work that Plaintiff could perform. *Stegall v. Sullivan,* No. C–C–88–317–P, *supra,* at 14 (M & R). The Magistrate recommended that the Court reverse the Secretary's finding of no disability and that the Court remand the case to the Secretary for the award of benefits.

The Secretary objects to the Magistrate's Recommendation and moves that the Court remand the case to the Secretary to evaluate further Plaintiff's heart condition, to investigate whether Plaintiff can perform sedentary work, and to investigate whether sedentary jobs that Plaintiff can perform exist.

The Court will not remand this case for the further proceedings requested by the Secretary. In this circuit, the law concerning remand for further proceedings and for the development of more evidence is clear. The United States Court of Appeals for the Fourth Circuit has stated that one of the requirements before remand to the Secretary is appropriate is a showing of good cause for the failure to submit the new evidence when the claim was pending before the Secretary. *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985); *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979); *Taylor v. Weinberger,* 512 F.2d 664, 667 (4th Cir.1975).

■ In the case now before this Court, the Secretary has not shown good cause for the failure to submit at the time of the administrative hearing the evidence for which the Secretary now seeks remand. The Court believes that the evidence at the

administrative hearing clearly showed that Plaintiff was unable to perform light work, as the Secretary has defined the term "light work" in the regulations. *See* 20 C.F.R. § 404.1567(b) (1988); *see also Stegall v. Sullivan,* No. C–C–88–317–P, *supra,* at 10–13 (M & R). The Secretary, however, failed to offer any evidence of other available work that existed in the national economy. The Court finds that the Secretary has not made the requisite showing of good cause for the failure to offer the evidence at the administrative hearing and, therefore, will deny the Secretary's request for remand for further proceedings. The Court, consequently, will accept the Magistrate's Recommendation to remand the case to the Secretary for the award of disability benefits to Plaintiff.

## III. CONCLUSION

The Court, therefore, has found that the challenged regulations are valid. The Court, however, also has found that substantial evidence does not exist to support the Secretary's finding that Plaintiff can engage in a full range of light work and that the Secretary failed to offer any evidence of other available work that Plaintiff could perform. The Court, consequently, shall reverse the Secretary's determination and remand the case for the award of disability benefits to Plaintiff.

NOW, THEREFORE, IT IS ORDERED that:

1. The Magistrate's Findings of Fact be *ADOPTED;*

2. The Magistrate's Conclusion of Law regarding the Secretary's error in relying on the challenged regulations be *REJECTED;*

3. The challenged regulations are found to be *VALID;*

4. The Magistrate's Conclusions of Law regarding the failure of substantial evidence to exist to support the Secretary's finding that Plaintiff can perform light work and regarding the Secretary's failure to carry the burden of proof to show Plaintiff can perform other available work be *ADOPTED;*

5. The Secretary's finding that Plaintiff is capable of performing a full range of light work be *REVERSED;*

6. The Magistrate's Recommendation be *ACCEPTED;*

7. This case be *REMANDED* to the Secretary for the award of disability benefits to Plaintiff.