UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JANETTE E. MILLER,
                    *Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,
                    *Defendant-Appellee.*

No. 02-2394

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-01-593)

Submitted: March 31, 2003

Decided: April 22, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Janette E. Miller, Appellant Pro Se. Debra Jean Prillaman, Assistant
United States Attorney, Richmond, Virginia; Daniel Yitzchak Bal-
sam, SOCIAL SECURITY ADMINISTRATION, Baltimore, Mary-
land, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Janette E. Miller appeals the district court's order affirming the Commissioner's denial of social security disability and supplemental security income benefits in accordance with the magistrate judge's report and recommendation. We have reviewed the record and the district court's opinion and find no reversible error.

We must uphold the district court's disability determination if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2000); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Miller argues that the district court erred by failing to consider additional evidence submitted with her objections to the report and recommendation. This argument fails because the district court may not consider evidence that was not before the Commissioner. *See Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)). However, as a pro se litigant, Miller is entitled to a liberal construction of her pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Therefore, we will construe Miller's informal brief to advance the alternative argument that the district court should have remanded the case to the Commissioner in light of the additional evidence.

A reviewing court may remand a case to the Commissioner on the basis of new evidence if four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. *See Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985); *see also* 42 U.S.C. § 405(g) (2000).

Although Miller made the requisite showing of the nature of the new evidence by attaching copies to her objections to the report and recommendation, she fails to satisfy the remaining prongs of the *Borders* test. First, because Miller's additional evidence relates to the time period between June 2000 and October 2002, it is not relevant to the determination of disability. Moreover, even assuming the relevance of the additional evidence, it is not material because it would not reasonably have changed the Commissioner's decision had it been before her. The findings contained in the additional records appear to reflect rather mild impairments and are not accompanied by any restrictions on Miller's activities.

Finally, Miller fails to show good cause for the failure to file the additional evidence with the Commissioner. Her only explanation is that the hospital was late in getting test results to patients. However, Miller admits to receiving some of the records prior to submitting them in order to submit all of the evidence together. Furthermore, no such explanation was offered when the ALJ left the record open on two separate occasions for the submission of evidence.

While Miller's newly submitted evidence cannot be considered in this appeal, we note that Miller may be able to file a new claim with a new onset date where such evidence may be relevant. We express no opinion, however, as to the merits of any such claim.

Accordingly, we affirm on the reasoning of the district court. *See Miller v. Barnhart*, No. CA-01-593 (E.D. Va. Nov. 21, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*