**Edwin Paul ALLEN, Jr.,
Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.**

No. 81–5909.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided March 2, 1984.

Edmund Parent, Santa Barbara, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Reg. Atty., Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before FLETCHER and NELSON, Circuit Judges, and LYNCH,* District Judge.

FLETCHER, Circuit Judge:

Allen appeals from an order of the district court upholding the Secretary's finding that Allen was not disabled. We reverse.

### FACTS

Allen is 41 years old. He has worked as a plumber for several years, and has a bachelor's degree in fine arts. He filed applications for disability insurance benefits in 1979, alleging disability since 1971 due to arthritis, back and respiratory problems. At the hearing before the Administrative Law Judge (ALJ), Allen also presented evidence of mental problems and an ankle injury.

The ALJ found that Allen was capable of doing at least sedentary work in an environment where he would not be exposed to respiratory irritants. Applying the Secretary's medical/vocational guidelines, the ALJ concluded Allen was not disabled. The Social Security Appeals Council affirmed.

On review, the district court granted summary judgment for the Secretary and

---

* Hon. Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation.

denied Allen's motion for a remand to consider new psychiatric evidence.

## ISSUES

Allen raises three issues on appeal. Allen contends, first, that the Secretary did not meet her burden of proving there were jobs in the economy which Allen could perform; second, that the Secretary's finding that his mental problems did not limit his capacity for sedentary work is not supported by substantial evidence; and third, that two new psychiatric reports submitted to this court require remand.

## AVAILABILITY OF JOBS

In reviewing the denial of a disability claim, this court must affirm if the Secretary's findings are supported by substantial evidence in the record as a whole and the Secretary applied the proper legal standards. *Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982); *Vidal v. Harris,* 637 F.2d 710, 712 (9th Cir.1981). A claimant has the initial burden of establishing a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous occupations. The burden then shifts to the Secretary to show that other substantial work, for which the claimant is qualified, exists in the national economy. *Bonilla v. Secretary,* 671 F.2d 1245, 1246 (9th Cir.1982); *Thompson,* 665 F.2d at 939.

Allen proved that, because of physical and respiratory impairments, he was no longer capable of working as a plumber. The ALJ concluded, based on a number of medical reports, that Allen was capable of performing at least sedentary work so long as he was not exposed to respiratory irritants. The ALJ did not take testimony from vocational experts on whether jobs were available in the economy for a person with Allen's limitations. Rather, he applied the Secretary's standardized medical-vocational guidelines. These guidelines identify whether a significant number of jobs exist which the claimant is capable of performing. The guidelines categorize claimants according to physical ability, age, education, and work experience. See 20 C.F.R. pt. 404, subpt. P, app. 2. According to the guidelines, Allen was not disabled.

The Supreme Court has approved the use of the guidelines in lieu of vocational expert testimony in cases where they accurately describe the claimant's abilities and limitations. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1955 note 5, 76 L.Ed.2d 66 (1983). The guidelines consider only limitations on the claimant's strength, i.e., "exertional limitations." If the claimant has a significant non-exertional limitation, such as a mental impairment or the inability to tolerate certain work environments, the ALJ must determine how much the claimant's work capacity is further limited by non-exertional restrictions. 20 C.F.R. pt. 404, subpt. P. app. 2. § 200.00(e)(2).

Allen contends that the Secretary was required to consider evidence, beyond the guidelines, on whether his respiratory problems significantly restricted the range of sedentary jobs available to him. We agree.

Allen's lungs had suffered damage from prolonged exposure to epoxy resins during his years as a plumber and from his cigarette smoking.

The ALJ found, and all medical experts agreed, that Allen must work in an environment free of respiratory irritants such as dust and noxious fumes. Although the ALJ concluded that this was not a "significant non-exertional impairment," there is no evidence at all in the record that there are a significant number of sedentary jobs which Allen could perform despite this restriction.

■ The Secretary's regulations specifically provide that the guidelines do not fully apply where the claimant suffers from an impairment that results in environmental restrictions, and lists as an example, "an inability to tolerate dust or fumes." 20 C.F.R. pt. 404, subpt. P. app. 2, § 200.00(e). We have held that a remand is necessary where the ALJ applies the guidelines without considering the restrictions on available jobs caused by the claimant's inability to tolerate dust or fumes in the work environment. *Kail v. Heckler,* 722 F.2d 1496, 1498

(9th Cir.1984). *Accord Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir.1983); *Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir. 1981). Because the ALJ's conclusion that Allen's respiratory problems were not a significant non-exertional limitation is not supported by any evidence, we remand for the consideration of evidence, including testimony of vocational experts if necessary, as to whether there are a significant number of sedentary jobs available to Allen despite this limitation.[1]

### MENTAL DISORDER

■ Allen contends that the Secretary erred in finding he did not have a significant mental impairment. It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982). Based on the reports of Drs. Patterson and Lunianski, and to a lesser extent, Dr. Heiman, the ALJ could rationally conclude that Allen's emotional disorder was not disabling. Moreover, there was some evidence that his disorder was amenable to control.

The psychiatric evidence Allen cites in support of his argument is selective and shows primarily that a disorder exists. It does not show that it was of disabling severity. The ALJ's conclusion is supported by substantial evidence.

### NEW EVIDENCE

■ Allen asks this court to remand for consideration of new evidence consisting of the results of objective psychological tests and psychiatric evaluations. A claimant seeking remand must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Allen has not shown good cause for his failure to provide these psychiatric evaluations earlier in the proceedings. Although the reports offered were not made until 1982, Allen was aware of his mental problems at the time of the hearing. The only explanation Allen has offered for his failure to obtain the evidence earlier is that he was not represented by an attorney at the administrative hearing. Even if we accept this argument, it would not excuse Allen's failure to introduce the evidence in the district court. The obvious explanation is that when Allen was unsuccessful in the agency and district court hearings, he sought out new expert witnesses who might better support his disability claim. The "good cause" requirement would be meaningless if such circumstances were sufficient to allow introduction of new evidence.

Our decision in *Ward v. Schweiker,* 686 F.2d 762 (9th Cir.1982), does not hold otherwise. In that case, doctors had failed to discover that the claimant had been suffering from myasthenia gravis until she was admitted to a hospital after the Secretary's decision. Thus, the claimant could not have obtained the evidence at the time of her hearing. In our case, Allen knew of his mental problems and had had several prior psychiatric evaluations. The reports merely contain new interpretations of the same mental problems discussed in the earlier evaluations. He has not alleged that he could not have had these tests and evaluations made earlier.

We reverse and remand to the district court with instructions to remand to the Secretary to take evidence as to whether jobs are available in the economy for a person with Allen's limitations.

---

1. Our decision in *Odle v. Heckler,* 707 F.2d 439, 449 (9th Cir.1983) is inapplicable here. In *Odle,* we held the guidelines were applicable despite the claimant's deafness, dizziness, and drug dependence. However, the deafness was essentially cured by a hearing aid and drug dependence was controlled by a treatment program. The dizziness was a recurring problem but was found not to limit the claimant's ability to do light work. Unlike the environmental restriction involved in Allen's case, dizziness would not have affected the claimant's ability to perform any of the jobs otherwise available to her.