967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ker XIONG, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-55919.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided May 26, 1992.
 
 Before GOODWIN, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Claiming that his physical and mental disabilities rendered him unable to perform any work for which he might be qualified, Ker Xiong filed an initial request for supplemental social security benefits under Title XVI of the Social Security Act on December 17, 1986. After a process which included two administrative hearings and a remand to the state agency to consider Xiong's alleged mental impairment, an administrative law judge denied Xiong's request for supplemental benefits on September 29, 1988. On May 22, 1989, the Appeals Council also found that Xiong was not disabled, thereby finalizing the decision of the Secretary of Health and Human Services. The district court upheld the Secretary's final decision on January 31, 1991. Xiong now appeals the denial of his request for supplemental benefits to this Court.
 
 
 3
 We review the judgment of the district court de novo. Like the district court, we can disturb the Secretary's denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Bates v. Sullivan, 984 F.2d 1059, 1061 (9th Cir.1990). Xiong has not alleged that the Secretary's decision was based on legal error. After reviewing the record, we are satisfied that substantial evidence supports the Secretary's finding that Xiong was not disabled.
 
 
 4
 20 CFR § 416.920(d) provides that a person will be presumed disabled if he or she a) meets or equals an impairment listed in 20 CFR § 404, Subpart P, Appendix 1 and b) has had such an impairment for a continuous period of not less than twelve months. Xiong claims that he meets the requirements for two impairments listed in Appendix 1, Listing 12.07--"Somatoform Disorders," and Listing 5.08--"Weight Loss Due to any persisting gastrointestinal disorder."
 
 
 5
 Neither claim is persuasive. Listing 5.08 is simply inapplicable to Xiong, because there is no evidence that his weight loss is due to a gastrointestinal disorder. Listing 12.07 defines somatoform disorders as "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." Xiong did not consult a psychiatrist and offered no psychiatric testimony to establish his somatofrom disorder. Cultural reasons may account for his not going to a psychiatrist. But availing himself of a cultural system which does give financial aid to those who prove their legal case, Xiong must adapt, and no doubt would be advised by his counsel that he needed psychiatric evidence. As he has failed to provide it, he has nothing with which to challenge the Secretary's findings.
 
 
 6
 Since Xiong did not qualify as presumptively disabled under Appendix 1, he was required to meet the more general standard for disability defined in 20 CFR § 416.905. That provision informs a claimant: "You must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy. To determine whether you are able to do any other work, we consider your residual functional capacity and your age, education and work experience."
 
 
 7
 Xiong claims that a letter from his treating physician, Dr. Khang Van Tran, supports his claim of disability. After reviewing Xiong's medical history, Dr. Tran concludes: "In view of the patient's medical condition, it is our professional opinion that Mr. Ker Xiong is permanently disabled from all gainful works." Xiong also points to a similar letter by Dr. Can Bui. Since these letters were not part of the administrative record below, they cannot now be considered by this Court. Moreover, the letters do not warrant a remand to the Secretary for further consideration under 42 U.S.C. § 405(g). Xiong has offered no reason why the letter from his treating physician was not introduced before the administrative law judge issued his decision. The letters do not contribute new material evidence but merely offer new interpretations of the same problems discussed in earlier evaluations. Clem v. Sullivan, 894 F.2d 328, 333 (9th Cir.1990); Allen v. Secretary of Health and Human Services, 726 F.2d 1470, 1473 (9th Cir.1984).
 
 
 8
 Finally, Xiong contests the Secretary's finding that he possesses the residual functioning capacity to fill a number of jobs existing in the national economy, such as a machine operator or a packer-sorter. Yet this finding is amply supported by the testimony of vocational expert Dr. Richard Jones, who stated that someone with Xiong's specific physical, psychological and educational disabilities could perform the light, unskilled jobs proposed for him.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3