Robert CREIGHTON, Plaintiff,

v.

Louis W. SULLIVAN, M.D. Secretary of Health and Human Services, Defendant.

No. H91–154.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 28, 1992.

Randall J. Zromkoski, Valparaiso, Ind., for plaintiff.

Orest Szewciw, Dyer, Ind., for defendant.

### Order on Motion to Remand

ALLEN SHARP, Chief Judge.

Robert Creighton filed a motion to remand this case to the Secretary of Health and Human Services based on new and additional evidence. Prior to the aforementioned motion, the Secretary of Health and Human Services denied his application for Disability Insurance Benefits. 42 U.S.C. §§ 416(i), 423(d). Jurisdiction over Mr. Creighton's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

### I.

Mr. Creighton first filed for disability insurance benefits on January 20, 1988 (R. 76–79). When his petition was denied initially and on reconsideration, he requested an administrative hearing (R. 90–91). A hearing was held before an administrative law judge (ALJ) on July 13, 1988 (R. 19–48). In a decision issued December 20, 1988, the ALJ found Mr. Creighton not disabled under the Act and thus not entitled to disability insurance benefits (R. 178–185). Mr. Creighton requested review of that decision and the Appeals Council granted that request, whereupon the Appeals Council vacated the hearing decision and remanded the case to the ALJ for further proceedings, including a new decision (R. 190–91).

Following the remand from the Appeals Council, the ALJ was instructed to obtain testimony from a vocational expert on the Mr. Creighton's nonexertional impairments further diminishing the occupational base administratively noticed in connection with Rule 201.21 of Appendix 2 (R. 178–185, 190–91). After obtaining and reviewing this evidence, the ALJ again found Mr. Creighton not disabled under the Act and thus not entitled to disability insurance benefits (R. 10–16). That decision became the final determination of the Secretary on April 1, 1991 when the Appeals Council affirmed the ALJ's decision (R. 5–6).

This case was last assigned to Magistrate Judge Andrew P. Rodovich. For purposes of judicial economy and justice, it was reassigned to the undersigned Judge on August 10, 1992.

### II.

Mr. Creighton must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The Secretary employs a five-step process to determine whether a claimant is eligible for benefits within the meaning of the Act. *Young v. Secretary of Health and Human Services*, 957 F.2d 386, 389 (7th Cir.1992). The Seventh Circuit has described this sequential inquiry as follows:

First, if the Claimant is currently employed, he will be found not disabled. [Second, i]f the Claimant is not working, the Secretary then examines medical evidence to determine whether the Claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the Claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the Claimant has a listed impairment, disability will be found. [Fourth, i]f the Claimant does not have a listed impairment, the Secretary then determines whether the Claimant can perform his past work. If yes,

then there is no disability. [Fifth, i]f no, the Secretary considers the Claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the Claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989). *See also Young*, 957 F.2d at 389.

Applying the five-step procedure in this case, the ALJ evaluated the evidence and determined that:

1. Mr. Creighton met the disability insured status requirements of the Act on April 6, 1987, the date Mr. Creighton stated he became unable to work, and continues to meet them through the date of this decision.

2. Mr. Creighton has not engaged in substantial gainful activity since April 6, 1987.

3. The medical evidence establishes that Mr. Creighton is status-post laminectomy in 1976, with present unspecified disc degeneration at the L–4 and L–5 level; mild disc bulging at C6–C7 level; extradural defect at the level of T8–T9 level; and mild asthmatic symptoms, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.

4. Mr. Creighton's subjective complaints of disability are not supported by the objective medical evidence. Dr. Morgan's statement that a "sedentary job might also aggravate the condition" is based solely on Mr. Creighton's allegations. Dr. Freeman, the medical expert who testified at the hearing, determined that the Mr. Creighton retains the residual functional capacity for sedentary work and disputed several findings made by Dr. Morgan.

5. Mr. Creighton has the residual functional capacity to perform the exertional and nonexertional requirements of work except for that requiring more that sedentary exertions and

working in environments with smoke and/or fumes (20 CFR 404.1545).

6. Mr. Creighton is unable to perform his past relevant work as a millwright, draftsman, or painter.

7. Mr. Creighton is 47 years old, which is defined as a "younger individual" (20 CFR 404.1563).

8. Mr. Creighton completed high school and two years of college (20 CFR 404.-1564).

9. Mr. Creighton does not have any acquired work skills which are transferable to the skilled or semi-skilled work activities of other work (20 CFR 404.-1568).

10. Although Mr. Creighton's additional nonexertional limitations do not allow him to perform the full range of sedentary work, according to the vocational expert, there is a significant number of jobs in the national economy which he could perform. Examples of such jobs in the national economy are: cashier, small parts assembler, and packager—a total of 100,000 jobs available according the vocational expert.

11. Mr. Creighton was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.-1520(f)).

In so finding, the Secretary (through his designate, the ALJ) renders Mr. Creighton ineligible to receive benefits under § 1611 and § 1614(a)(3)(A) of the Act.

### III.

### A. BACKGROUND

Robert Creighton was born October 8, 1942 (R. 23). He has a high school education and two years of college (R. 25). Mr. Creighton was last employed as a millwright, which entailed welding, pump and boiler repair, pipe-fitting, carpentry, and concrete work (semi-skilled and heavy) (R. 26). Mr. Creighton filed his claim for SSI alleging an inability to work due to low back pain.

Following the first hearing, the ALJ based his denial of disability on the finding that Mr. Creighton was not disabled and had a residual functional capacity for sedentary work (R. 178–185). In response to Mr. Creighton's request for review based on new medical evidence from Dr. Randall Morgan, Jr. (R. 186–89), the Appeals Council vacated the hearing decision and remanded to the ALJ for further proceedings to obtain testimony from a vocational expert on the extent of Mr. Creighton's nonexertional impairments further diminishing his occupational base (R. 190–191).

At the second hearing, Dr. Julian Freeman, a medical expert, and Dr. Richard Hamersma, a vocational expert, testified as well as Mr. Creighton (R. 49–75). The ALJ also evaluated the new evidence presented in Dr. Morgan's report (R. 186–89). Dr. Morgan's report detailed a great number of physical manifestations stemming from Mr. Creighton's back pain and indicated that a sedentary job "might also aggravate the condition" in that Mr. Creighton appeared to have difficulty sitting in one position for an extended period of time. In contrast, Dr. Freeman explained that Mr. Creighton could perform sedentary jobs and Dr. Hamersma indicated that many such jobs existed in the national economy. The ALJ found that Mr. Creighton was not disabled for purposes of Title II benefits pursuant to 20 C.F.R. 404.1520(f) (R. 10–16).

## B. NEW EVIDENCE

Now, Mr. Creighton has requested that this court remand the case to the Social Security Administration on the basis of new evidence. The new evidence consists of a report from Dr. Richard Silberman dated August 27, 1991 and a psychological report and psychiatric review technique form completed by Dr. David Frank. *See Submission of Exhibits in Connection with Plaintiff's Motion to Remand.* The report completed by Dr. Frank indicates that Mr. Creighton is afflicted with a psy-

chiatric illness referred to as somatoform pain disorder.

 A court may remand a case to the Secretary to consider additional evidence if the evidence is new, material, and there is good cause for not introducing it during the administrative proceedings. 42 U.S.C. § 405(g);[1] *Sears v. Bowen,* 840 F.2d 394, 399 (7th Cir.1988); *Waite v. Bowen,* 819 F.2d 1356, 1361 (7th Cir.1987) (citing *Bauzo v. Bowen,* 803 F.2d 917, 926 (7th Cir.1986)). Upon review, this court is satisfied that the psychiatric report completed by Dr. Frank meets this test and that Mr. Creighton has demonstrated good cause for his failure to submit it to the ALJ and the Appeals Council. Therefore, this court orders this case remanded to the Secretary for consideration of the psychiatric report.

The evidence contained in the psychiatric report is new because it was not in existence at the time of the administrative proceedings. Mr. Creighton visited Dr. Silberman on May 3, 1991 for a "neurological consultation" and on July 30, 1991 for a follow-up visit, and he visited Dr. Frank on October 29, 1991 for a psychological examination. The Appeals Council denied review on April 1, 1991, and the Complaint was filed in this court on May 9, 1991. This constitutes new evidence. *Sears v. Bowen,* 840 F.2d 394 (7th Cir.1988) *citing Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136 (1st Cir.1987) (information must be neither cumulative nor irrelevant to be new under § 405(g)); *Milano v. Bowen,* 809 F.2d 763, 766 (11th Cir.1987) (where claimant alleged disability due to numbness in legs, evidence of psychological problems new because produced by only comprehensive psychological evaluation performed).

 Evidence is material if there is a reasonable possibility that it would have changed the outcome of the Secretary's determination. *Sears,* 840 F.2d at 395–56; *Borders v. Heckler* 777 F.2d 954, 956 (4th Cir.1985). In *Milano v. Bowen,* 809 F.2d

1. Section 405(g) provides in part: The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

763 (11th Cir.1987), based upon the evidence adduced from a physical examination, the ALJ evaluated the claimant's application for disability based on numbness in her feet, legs, and hands and "determined that [the claimant] was capable of performing sedentary labor and hence was not disabled." *Id.* at 766. Following the hearing by the ALJ, a complete psychological evaluation was performed and a clinical psychologist indicated that the claimant "needed intensive outpatient psychotherapy, vocational rehabilitation and general health care." *Id.* The psychologist further stated that "[a]t the present time [claimant] cannot be gainfully employed ... and [h]er present diagnosis is probably best described as severe depression with anxiety and hysterical features." *Id.* The *Milano* court explained that "there exists a reasonable possibility that it would have materially affected the administrative decision." *Id.*

Here, as in *Milano*, following the ALJ's denial of the claimant's application for disability based on his back injury, the claimant was diagnosed as suffering from somatoform pain disorder. There is a reasonable possibility that the Secretary would find Mr. Creighton disabled based on the combination of his mental and physical impairments. The evidence contained in the psychological report is material. *See also Cherry v. Heckler*, 760 F.2d 1186 (11th Cir.1985) (comprehensive psychological evaluation of claimant's mental condition was presented for the first time at the district court level and constituted new material evidence).

■ Claimant must also demonstrate good cause for not incorporating the report into the record during the administrative proceedings. The report itself did not exist until after the Appeals Council had denied his claim. *Milano* 809 F.2d at 766–67; *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir.1985) (good cause requirement is fulfilled when evidence does not exist at the time of the administrative hearing); *Burton v. Heckler*, 724 F.2d 1415, 1418 (9th Cir.1984) (same). Courts have placed weight on the fact that the claimants knew of their particular mental impairments before or during the pendency administrative hearing, and in light of this finding, those courts have indicated that this prior knowledge militates against a finding of good cause. *See Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir.1984) (no finding of good cause in light of claimant's awareness of psychiatric problems at time of hearing); *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir.1986). This court notes that Mr. Creighton did not begin seeing Dr. Silberman and Dr. Frank until after his administrative hearing. Based on the medical evidence before the ALJ, Mr. Creighton and his treating physicians did not know he was afflicted with a psychological disorder.

In *Milano*, the court indicated that the good cause requirement reflects congressional intent to prevent bad faith manipulation of the administrative process. This record and these facts do not indicate a case of "sandbagging" by a claimant who loses and hopes to get another chance at obtaining benefits by bringing in new evidence. The comments enunciated by the Seventh Circuit in *Sears* are equally applicable to Mr. Creighton's situation:

> This case thus contrasts with *Evangelista*, where the court found "[t]he inference is inescapable that appellant's counsel retained [the medical expert] to evaluate the case," 826 F.2d at 139, and *Allen*, where the court concluded the "obvious explanation" was that *Allen* sought out new expert witnesses who might give support to his disability claim after he was unsuccessful in the agency and district court hearings, 726 F.2d at 1473. *See also Willis*, 727 F.2d 551 [ (6th Cir. 1984) ]; *Milano*, 809 F.2d at 766; *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir.1984).

Here, as in *Sears*, this court finds a contrast to *Evangelista*. In *Evangelista*, 826 F.2d 136 (1st Cir.1987), the claimant sought disability insurance benefits based on an inability to work because of low back pain. The ALJ issued a decision indicating that the claimant was "not disabled" within

**1364**

the meaning of the Act and has the ability to perform the full range of sedentary work occupations. *Id.* at 138–39. On appeal to the district court, the claimant sought to introduce new evidence in the form of an opinion rendered by a " 'physician specializing in orthopedics, muscoskeletol evaluation, rehabilitation and evaluation' " a full nine months after the suit had been instituted in the district court. *Id.* at 139–142. The *Evangelista* court indicated that the "inference is inescapable that appellant's counsel retained him to evaluate the case." *Id.* at 139.

■ Here, there is no concrete inference which would militate against Mr. Creighton's presentation of new evidence. First, Mr. Creighton based his disability claim upon a physical disability, namely back pain, and the new evidence is psychological. Second, Mr. Creighton produced the new evidence without delay, unlike the six month period in *Evangelista*. Based on a thorough review of the record, this court can not postulate any "inescapable inferences" resulting from Mr. Creighton's presentation of new psychological evidence. Finally, the Secretary refers to *Anderson v. Bowen*, 868 F.2d 921 (7th Cir.1989), however this court believes that *Anderson* is factually distinguishable.

## C. RELEVANCY

■ Finally, the Secretary argues that even if the psychological evidence comports with the new evidence requirements, it is not relevant to the ALJ's decision because there is no proof that the psychological evidence presented here is coextensive with the physical impairments originally at issue. The Secretary points out that "none of the physicians who saw plaintiff prior to the hearing before the ALJ suggested plaintiff had a mental impairment, and there is no evidence whatsoever that plaintiff had a mental disorder that was severe enough to meet the listing for somatoform disorders prior to Dr. Frank." *See Defendant's Response in Opposition to Plaintiff's Motion to Remand* at 5–6. While this court notes that the psychological evidence at issue must be material to the time

period encompassed by the disability application under review, *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir.1989), it must also point out that if there had been evidence of a mental impairment prior to or during the pendency of the administrative hearing, then certainly the Secretary would have argued that the new evidence fails the good cause test. In other words, if there was evidence of a mental disorder prior to or during the pendency of the administrative hearing, then the Secretary would argue that Mr. Creighton knew of the mental impairment previously and should have fully investigated it and argued it to the ALJ, and that the failure to do so was detrimental to his assertion that the psychological evidence was new evidence. *See, e.g., Allen v. Secretary of Health and Human Services*, 726 F.2d 1470 (9th Cir.1984) (The Ninth Circuit explained that claimant's new evidence of psychiatric impairments did not satisfy the good cause test because "[claimant] was aware of his mental problems at the time of the hearing").

In *Milano*, 809 F.2d 763 (11th Cir.1987), the Secretary made the same argument indicating that the "new psychological evidence presented by the claimant did not relate to the previous disability which [the claimant] had claimed, but rather related to a new and distinct mental disability." *Id.* at 767 n. 3. The court pointed out that prior case law "may be taken as implicitly deciding that the subsequent psychological evidence there was relevant to a determination regarding the previously claimed physical disability." *Id.* Most importantly, the *Milano* court explained that the Secretary has considered this vary issue where "the complaint of physical injury greatly exceeds that determined to exist by physical examination a strong likelihood exists that some mental disability may be involved." *See* Social Security Ruling 82–85 (Oct.1982) ("There may be an emotional component to all symptoms, but the fact that an individual may seem to be exaggerating the limitations arising from a symptom does not necessarily mean that the symptom or the alleged functional limitation is in any way the result of an emotional disorder. However, when alleged symptom-related limita-

tions are clearly out of proportion to physical findings (e.g., no clinical findings of severe neuromuscular disorder, yet the individual alleges inability to stand, bend, or walk due to constant pain, the *possibility* of a severe mental impairment should be investigated.") (emphasis in original)). Therefore, this court concludes that Mr. Creighton's new evidence is related to his originally claimed disability.

IV.

Based on the foregoing review of the record in this case, Mr. Creighton's motion for remand to the Social Security Administration is GRANTED.

SO ORDERED.