**Robert W. BROCK,**

*v.*

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. A. No. 2:92–0361.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 7, 1992.

Montie VanNostrand, Webster Springs, WV, for plaintiff.

Beverly Dennis, III, Office of Regional Director, Chief Counsel, Region III, Philadelphia, PA, Michael W. Carey, U.S. Atty., Charleston, WV, for defendant.

## ORDER

HADEN, Chief Judge.

Pending is the Plaintiff's motion to remand pursuant to 42 U.S.C. § 405(g). This action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report–Recommendation was filed on November 5, 1992, and the Defendant's objections to the Report–Recommendation were filed on November 17, 1992.

Having reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which Defendant objects, the Court concludes that the objections are without merit. Accordingly, the Court adopts and incorporates herein, with certain modifications and clarification, the Magistrate Judge's Report–Recommendation and GRANTS the Plaintiff's motion for remand. The Report–Recommendation adequately sets forth the background of this case. The Court will discuss only those facts necessary for its *de novo* review.

Plaintiff filed an application for a period of disability and for disability insurance benefits on November 21, 1989. Plaintiff complained of an inability to work because of two bones fused in his neck and arthritis in the neck and spine since September 19, 1989. (R. 10)

The ALJ, as a result of "the paucity of medical evidence" in the record, had a medical expert appear at the hearing on this matter. (R. 24) The ALJ also had Plaintiff examined by a neurosurgeon, Dr. Robert Pierce, due in part to the dated nature of the record. (R. 43) Dr. Pierce stated "Cervical spine films show only mild osteoarthritis. There is no evidence of nerve root compression. Little impairment and pain should result from what is found on exam and seen on x-ray." (R. 119) Additionally, Dr. Pierce concluded that the Plaintiff had no limitations in lifting, carrying, sitting, standing, walking, reaching, handling, pushing, or pulling. (R. 120–21)

The record suggests that the ALJ relied heavily on the conclusions of Dr. Pierce in determining that "there is no evidence to indicate that the claimant has a significant limitation of his ability to do basic work

activities, and his impairment is found to be not severe." (R.14) Plaintiff's application was denied by the ALJ on May 28, 1991. This denial became the final decision of the Secretary on February 24, 1992, when Plaintiff's request for review was denied by the Appeals Council. (R. 2, 15)

Plaintiff retained new counsel after the Secretary denied his claim.[1] In addition to the lack of continuity of legal representation, the record also suggests a lack of continuous medical treatment due to the Plaintiff's alleged poverty and his transient status.[2] Less than one month after the Secretary's decision, Plaintiff obtained a Medicaid card as an indigent disabled person and was evaluated by Dr. Moosa Kasmet. Dr. Kasmet concluded that Plaintiff possibly suffered from progressive ankylosing spondylosis. Pl.'s Exs. in Supp. of Mot. to Remand at 1–2 (hereinafter "Exhibits"). Dr. Kasmet stated that the Plaintiff can likely never return to work and restricted the claimant from driving, lifting, or activities requiring neck or lumbosacral movements. *Id.* at 1–2.

Plaintiff also underwent a comprehensive psychological evaluation on June 8, 1992, at St. Albans Mental Health Services after being referred by Dr. Kasmet. Psychologist Crystal Whittington, M.A., determined that Plaintiff was suffering, *inter alia,* from somatoform pain disorder, depression, and anxiety. *See, e.g., Id.* at 11, 24. Ms. Whittington concluded that Plaintiff was "markedly" impaired in quite a few work related functions. *Id.* at 22–23. Ms. Whittington also concluded that Plaintiff's chances of vocational rehabilitation were

"poor" and noted Plaintiff's statement that he suffered from anxiety and depression "all the time" over the past two years. *Id.* at 8, 11.

The Defendant's objection to the Report–Recommendation is based almost entirely upon the Magistrate Judge's first ground for remand, namely the Secretary's failure to follow his own sequential evaluation process for determining the presence of a disability. The Defendant maintains that the Magistrate Judge misapplied the sequential disability criteria found in 20 C.F.R. § 404.-1520 (1992). The Court need not address this issue, however, as remand was appropriate under the Magistrate Judge's second ground, namely the appearance of new and material evidence relevant to the Secretary's previous disposition of this claim.

The standard for remand based upon new and material evidence is the four-part inquiry set forth in *Borders v. Heckler,* 777 F.2d 954 (4th Cir.1985).[3] It must be shown that:

1. The evidence is "relevant to the determination of disability at the time the application was first filed and not merely cumulative;"

2. The evidence is "material to the extent that the Secretary's decision might reasonably have been different had [it] been before" him;

3. "There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary;" and

4. There must be "at least a general showing of the nature of the new evidence."

---

1. The Defendant asserts in his opposition memorandum that "Brock has had the same attorney in all proceedings before the Administrative Law Judge, the Appeals Council, and this court." Def.'s Resp. to Pl.'s Motion to Remand at 3. The record reveals otherwise.

2. The Plaintiff claims that he resided in three different states during the pendency of his claim: Pennsylvania, Texas, and West Virginia.

3. The court in *Wilkins v. Secretary of Dep't of Health & Human Serv.,* 925 F.2d 769 (4th Cir. 1991), *rev'd on other grounds,* 953 F.2d 93 (en banc), suggested that the more stringent *Borders* four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). *Id.* at 774; *see Wilkins v. Secretary of Dep't of Health & Human Serv.,* 953

F.2d 93, 96 n. 3 (4th Cir.1991) (en banc). The standard in § 405(g) allows for remand where "there is new evidence which is material and ... there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, *Borders* has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that *Borders'* construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 n. 6, 110 S.Ct. 2658, 2664 n. 6, 110 L.Ed.2d 563 (1990).

Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry.

*Borders,* 777 F.2d at 955 (citations omitted).

■ As to the first element, Dr. Kasmet surmises that Plaintiff suffers from progressive ankylosing spondylosis.[4] An x-ray of the Plaintiff's spine seems to support this conclusion, and the x-ray report suggests that at least the "fusion of C6–C7 is probably old." Dr. Kasmet's conclusion that this condition and the symptoms Plaintiff suffers from constitute a permanent disability is consistent with what the Plaintiff has claimed all along. *See, e.g.,* R. 10. Further, the examination by Ms. Whittington is also relevant to the determination of disability relating to when the application was first filed. In *Creighton v. Sullivan,* 798 F.Supp. 1359 (N.D.Ind.1992), the court was faced with facts almost identical to the instant case. In short, new evidence suggested that plaintiff suffered from somatoform pain disorder. *Id.* at 1362. The court concluded that the psychological evidence was coextensive with the physical impairments originally at issue. Specifically, the court suggested that where the " 'symptom-related limitations are clearly out of proportion to the physical findings' " there is a possibility of a severe mental impairment which should be investigated. *Id.* at 1364–65 (citing *Milano v. Bowen,* 809 F.2d 763, 767 n. 3 (11th Cir.1987)).

Dr. Pierce's physical examination concluded that "[l]ittle impairment and pain should result" from the Plaintiff's condition. (R. 119) However, Plaintiff still complains of painful, debilitating symptoms. Further, Plaintiff stated to Ms. Whittington that he suffered "anxiety and depression 'all the time' over the past two years." Exhibits at 8. The Court therefore concludes that Plaintiff's evidence is relevant to the determination of disability at the time he first filed his application.[5]

The evidence is also material. Again, after noting the dated nature of the evidence in the record, the ALJ had Plaintiff examined by Dr. Pierce. Dr. Pierce stated that Plaintiff should suffer little pain from what appeared on the x-ray. He also stated that Plaintiff had *no limitations* in lifting, carrying, sitting, standing, walking, reaching, handling, pushing, or pulling. This directly contradicts the evaluation performed by Dr. Kasmet. Again, Dr. Kasmet's opinion is accorded "great weight" in the disability determination. Further, given the additional evidence of a possible mental impairment, the Court concludes that the Secretary's decision "might reasonably have been different" had this new evidence been before him.

As to the element of good cause, the Court notes the lack of continuity of both Plaintiff's medical care and legal representation, due in part to adverse financial conditions. Second, the evidence of a mental impairment was not in existence at the time of the Secretary's final decision. Finally, after retaining new counsel, Plaintiff immediately sought more comprehensive evidence of the extent of his disability. There is little or no evidence to suggest that Plaintiff has manipulated the administrative process in bad faith. *See Milano,* 809 F.2d at 767. These factors, among others, lead the Court to conclude that Plaintiff has established good cause for not presenting this evidence earlier.

The Plaintiff has attached the general evaluation of Dr. Kasmet, a copy of his x-ray report, and the psychological evaluation of Ms. Whittington. This meets the final *Borders* element requiring Plaintiff to make a sufficient general showing of the nature of his new evidence.

The Court concludes that the Plaintiff has met the requirements of *Borders v.*

---

4. Spondylosis is "[a]n abnormal fusion or growing together of two or more vertebrae." J.E. Schmidt, M.D., 3 Attorney's Dictionary of Medicine S–185 (1991).

5. The evidence is certainly not cumulative. The ALJ himself ordered the examination of Plaintiff by Dr. Pierce due to a paucity of medical evidence in the record. Additional evidence of a physical disability from Plaintiff's apparently new treating physician would certainly not be cumulative. *See Wilkins v. Secretary of Dep't of Health & Human Serv.,* 953 F.2d 93, 96 (4th Cir.1991) (finding opinion of treating physician is "entitled to great weight" in a disability determination) (citation omitted). Further, the evidence of Plaintiff's possible mental disorder is entirely new and warrants further consideration.

*Heckler* and 29 U.S.C. § 405(g). Therefore, this case is remanded to the Secretary pursuant to § 405(g) for consideration of Plaintiff's new evidence.