95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Baltazar C. LEON, Petitioner-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-55519.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.**
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Baltazar C. Leon appeals pro se the district court's summary judgment in favor of the Commissioner of Social Security in Leon's action brought pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the Commissioner's denial of his application for disability insurance benefits and supplemental security income benefits.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. See Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam). The Commissioner's decision to deny benefits will be disturbed only if that decision is not supported by substantial evidence or is based upon legal error. Id.
 
 
 4
 For the reasons stated in the district court's "Order Granting Defendant's Motion For Summary Judgment," filed on February 21, 1995, we affirm the district court's holding that substantial evidence existed for the ALJ to find Leon not disabled. Id.
 
 
 5
 To the extent Leon contends that the district court erred by not considering new medical evidence he submitted, this contention lacks merit. The district court is not a factfinder in social security cases. See 42 U.S.C. § 405(g); Moncada, 60 F.3d at 524-25. Factual and credibility determinations are for the ALJ to decide. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). In order to merit remand by the district court for the ALJ to consider new evidence, Leon was required to show that the new evidence was material, and that he had good cause for failing to incorporate it into the record in the prior proceedings. See Allen v. Secretary of Health and Human Services, 726 F.2d 1470, 1473 (9th Cir.1984). All of the new evidence submitted by Leon concerned his condition after the ALJ's October 26, 1992 decision. Therefore, Leon failed to establish that the new evidence was material. See id.
 
 
 6
 Leon also contends that the ALJ erred by disregarding his subjective pain testimony. The ALJ must make specific findings to allow a reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's subjective pain testimony. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc). Here, the ALJ made specific findings in discrediting Leon's subjective testimony. See id. Furthermore, because no physician found Leon disabled for twelve continuous months, and because the evidence establishes no significant limitation due to pain, substantial evidence supported the ALJ's decision to reject Leon's subjective complaints of excessive pain. See Mathews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993); Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985).
 
 
 7
 Finally, to the extent Leon contends that he is suffering from a mental impairment, this issue was not raised in Leon's prior proceedings. Accordingly, we need not address this issue. Avol v. Secretary of Health and Human Services, 883 F.2d 659, 661 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Leon's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Leon filed two applications for benefits. The first application involved his allegation that he was unable to work since May 5, 1986, due to a lower back injury. The second application alleged that he was unable to work from January 5, 1988, due to a knee problem