99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yvonne CARTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,* Defendant-Appellee.
 No. 95-15487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.**
Decided Oct. 21, 1996.
 
 Before: WOOD,*** SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM****
 
 
 2
 Yvonne Carter appeals pro se the district court's grant of summary judgment in favor of the Commissioner. Carter was denied Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. She alleges disability due to degenerative disc disease and a herniated disc. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's judgment de novo, and must determine whether an Administrative Law Judge's ("ALJ") denial of benefits is supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Because of the limited scope of review, we will uphold the ALJ's decision where the evidence is conflicting or inconclusive. Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir.1984).
 
 DISCUSSION
 
 4
 After reviewing the evidence, the ALJ determined that Carter had "degenerative disc disease of the low back with chronic pain syndrome which is aggravated by exertional activity." Carter contends the ALJ erred in finding that nonetheless she was not disabled because she retained the ability to engage in sedentary work, including her past occupation as a seamstress. Specifically, Carter alleges that the ALJ inappropriately disregarded: (1) one treating doctor's opinion that Carter was "unable to return to her regular and customary work"; (2) a vocational rehabilitation counselor's finding that Carter was "non-feasible for full or part time competitive employment"; and (3) Carter's subjective pain testimony. These contentions lack merit.
 
 
 5
 I. ALJ'S FINDINGS SUPPORTED BY SUBSTANTIAL EVIDENCE
 
 
 6
 The evidence in the record regarding Carter's functional limitations sufficiently supports the ALJ's finding that Carter was able to perform her previous work. After exhaustive testing and treatment, treating physicians Allyn and Tanner released Carter to return to her previous work without any specific functional limitations. Dr. Allyn stated that Carter had "no objective findings to [corroborate] her complaints of pain."
 
 
 7
 Evidence from non-treating sources also supports the ALJ's determination. Examining orthopedic surgeon Dr. Lipton opined that "if [Carter were] precluded from heavy lifting, all concerns would be addressed." Examining physician Dr. Pancoast recommended that Carter return to work after finding her gait and station were normal as well as a good range of motion in the back. Medical expert and orthopedist Dr. Stephenson found that Carter suffered from a mild reduction in her range of motion, but that she should be able to perform light work activities if permitted to change positions frequently. Dr. Heckel, another medical expert, determined that Carter could return to work as a seamstress despite a diagnosis of degenerative disk disease.
 
 II. TREATING PHYSICIAN DR. BAJWA'S OPINION
 
 8
 Carter contends that the ALJ should have given a specific, legitimate reason for ignoring Dr. Bajwa's opinion that she could not return to her regular work. Carter relies upon Murray v. Heckler, 722 F.2d 499 (9th Cir.1983), in which this Court held that an ALJ wishing to disregard the opinion of a treating physician must set forth specific and legitimate reasons for doing so. However, the rule described in Murray does not apply when the ALJ rejects one physician's opinion due to the conflicting opinion of another physician who relied upon independent objective clinical tests. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989); Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985). Here, the ALJ rejected Dr. Bajwa's opinion in favor of those of treating physicians Allyn and Tanner, whose independent objective clinical tests and physical exams led to their conclusion that Carter could return to work. Their opinion must be viewed as substantial evidence that Carter is not disabled. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 
 9
 III. VOCATIONAL REHABILITATION COUNSELOR'S OPINION
 
 
 10
 The ALJ considered and rejected the vocational rehabilitation counselor's opinion that Carter was not feasible for employment because Carter failed to complete her rehabilitation study. Since the counselor's opinion of disability conflicted with the findings of Carter's treating and non-treating physicians, the ALJ did not err by rejecting this non-medical evidence. See Allen v. Secretary of Health and Human Servs., 726 F.2d at 1473.
 
 IV. CARTER'S SUBJECTIVE COMPLAINTS OF PAIN
 
 11
 In order to reject a claimant's subjective complaints of pain, the ALJ must make specific findings supporting such a conclusion. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991) (en banc). Carter contends the ALJ's specific findings are not supported by the record. On the contrary, the record is replete with evidence supporting the ALJ's findings that: 1) Carter was not taking the type or amount of pain medication normally associated with a severe pain syndrome; 2) her overall description of the pain was vague and nonspecific; 3) she continued to drive regularly, visit with friends and relatives, and perform household chores; and 4) she did not appear to be in any true observable discomfort at the hearing.[1] The ALJ properly determined that Carter's subjective complaints of pain were exaggerated.
 
 CONCLUSION
 
 12
 We affirm the district court's grant of summary judgment, as substantial evidence supports the ALJ's determination that Carter was not disabled because she could return to her past relevant work as a seamstress.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to section 106(d) of Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the ALJ erred by considering the fact that most of Carter's medical records were generated for her Workers' Compensation claim, see Lester v. Chater, 81 F.3d 821, 832 (9th Cir.1996), the remaining factors the ALJ considered support his finding that Carter's claim of severe pain was exaggerated