117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. PARK, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-55956.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 24, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-95-00704-IEG; Irma E. Gonzalez, District Judge, Presiding.
 
 
 2
 Before: GOODWIN, SCHROEDER, and TASHIMA, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Donald R. Park appeals the district court's summary judgment in favor of the Commissioner in Park's action seeking supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381a. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.
 
 
 5
 A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The scope of appellate review, however, is limited and the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. See id. "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995).
 
 
 6
 Park contends that the district court erred by granting summary judgment for the Commissioner because the Commissioner's denial of benefits is not supported by substantial evidence and the Commissioner failed to apply the proper legal standards. Specifically, Park contends that the administrative law judge ("ALJ") erred by (1) failing to attribute great weight to the testimony of treating and examining physicians; (2) failing to accept new and material evidence; and (3) finding Park capable of performing his past relevant work.
 
 A. Medical Evidence
 
 7
 A treating physician's opinion is entitled to more weight than that of a non-treating physician. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). The Commissioner may reject the contradicted opinion of a treating or examining physician by providing specific and legitimate reasons supported by substantial evidence in the record. See id. at 830-31.
 
 
 8
 Here, the ALJ rejected the opinion of Park's treating physician, Dr. Pantovich, because it was unsupported by evidence in the record, contradicted by his own clinical findings, and contradicted by two independent medical experts. Because the ALJ provided specific and legitimate reasons for doing so, the ALJ did not err by rejecting Dr. Pantovich's opinion. See Lester, 81 F.3d at 830. Moreover, the ALJ properly rejected the opinion of Park's examining physician, Dr. Gomez, because it was controverted by substantial evidence in the record, including the findings of an examining cardiologist, Dr. Evans. See id.
 
 B. New Evidence
 
 9
 In order to merit remand by the district court, Park was required to show that the new evidence was material and that he had good cause for failing to incorporate it into the record in the prior proceedings. See Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir.1984). New evidence is material if there is a reasonable possibility that it would have changed the outcome of the ALJ's determination. See Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir.1984).
 
 
 10
 Before the Appeals Council, Park submitted additional evidence, including a vocational evaluation prepared on February 1, 1995; and a psychological evaluation prepared on January 22, 1995. We agree with the district court that this evidence was not material because both reports relied on the opinions of Drs. Pantovich and Gomez, which the ALJ discounted. See Allen, 726 F.2d at 1473. Moreover, because these reports were prepared and submitted after the ALJ rendered his decision in this case and because Park has not explained why he failed to solicit this information earlier, we agree with the district court that Park has not shown good cause. See id.
 
 C. Past Relevant Work
 
 11
 "The claimant bears the burden of proving entitlement to disability benefits." Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir.1995). If the claimant shows that he is unable to return to his past relevant work, the burden shifts to the Commissioner to show that the claimant can do other work that exists in the national economy. See id.
 
 
 12
 Here, the ALJ initially found that Park was able to perform his past relevant work as a horse breeder, but that, due to inherent stress and pressure, Park could not return to his most recent past relevant position as a senior sales consultant. The Appeals Council ("AC") remanded this matter to the ALJ because the AC concluded that the record did not support the finding that Park could perform his past relevant work as a horse breeder.
 
 
 13
 The ALJ conducted a supplemental hearing. Both Park and a vocational expert ("VE") testified that Park's position as a senior sales consultant involved high levels of stress. The ALJ then issued a second decision reaching the opposite conclusion of the first. The ALJ concluded that Park's position as a senior sales consultant "did not expose him to undue work-related stress." Although the ALJ found that Park could not work "in a high stress work environment," the ALJ concluded that Park could return to his past relevant work as a senior sales consultant. The ALJ, however, does not address Park's and the VE's testimony that his previous position was stressful.
 
 
 14
 The ALJ's conclusion that Park could return to this position is incongruous with the ALJ's finding that Park cannot work in a high stress environment and unsupported by substantial evidence. See Smolen, 80 F.3d at 1279. We see no error with the ALJ's conclusion that Park retained the residual functional capacity for light work. However, because the VE did not testify as to the availability of such jobs in the national economy, we remand for further proceedings. See Andrews, 53 F.3d at 1040.[1]
 
 
 15
 Each party shall bear its own costs on appeal.
 
 
 16
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also conclude that substantial evidence does not support the ALJ's conclusion that Park could return to his past relevant work as a marketing representative because neither Park nor the VE testified as to the stresses involved in that position. See Smolen, 80 F.3d at 1279